| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON,<br><br>       Plaintiff,<br><br>  v.<br><br>MOHYUDDIA,<br><br>       Defendant. | No. 2:17-cv-2405-MCE-EFB P<br><br>SCREENING ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2), and a motion for a preliminary injunction (ECF No. 7).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) to proceed in forma pauperis. Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

1 | in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
2 | *McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff has filed two complaints (ECF Nos. 1 & 6). His amended complaint, which supercedes the original, alleges that plaintiff had been taking gabapentin to treat a seizure disorder and neuropathic pain. Defendant Mohyuddia informed plaintiff that he could not refill plaintiff's gabapentin prescription because the California Health Care Facility had determined it was too costly. Therefore, Mohyuddia ordered two less costly medications to treat plaintiff's conditions. The pain medication, however, was not intended to treat neuropathic pain and was ineffective in treating plaintiff's neuropathic pain. As a result, plaintiff was forced to endure excruciating neuropathic pain. Shortly after the abrupt change in his medication, plaintiff also had a seizure, which caused him to fall and injure his mouth. Thereafter, plaintiff submitted several health care services request forms to Mohyuddia, but Mohyuddia did not answer them. In responding to plaintiff's administrative appeals, defendant Malakkla informed plaintiff that he had been instructed "to speak with [his] new provider about [his] medication." ECF No. 6 at 4. Defendant Lewis also reviewed plaintiff's administrative appeals, but did not correct plaintiff's problem.

Liberally construed, the allegations are sufficient to state an Eighth Amendment claim of deliberate indifference to medical needs against Dr. Mohyuddia for failure to treat plaintiff's neuropathic pain. However, the allegations are insufficiently detailed to state a cognizable claim of deliberate indifference to medical needs in relation to plaintiff's seizure disorder. Plaintiff claims he had a seizure after defendant Mohyuddia abruptly changed his seizure medication, but it is unclear whether the medication change caused the seizure or whether Mohyuddia changed the medication knowing it would expose plaintiff to a substantial risk of serious harm.

Mohyuddia's failure to respond to plaintiff's requests for health care services is also insufficient to state a claim. Defendant Lewis's response to plaintiff's administrative appeal indicates that plaintiff had a new health care provider with whom he should discuss his medication issues. Thus, there is no indication that Mohyuddia's failure to answer plaintiff's health care requests amounted to deliberate indifference or caused plaintiff any harm.

In addition, plaintiff's allegations that defendants Malakkla and Lewis failed to investigate and/or ensure plaintiff received proper medical care after reviewing plaintiff's administrative appeals do not state a viable claim. Inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). And, although plaintiff labels his claims as Eighth Amendment violations, there are no specific allegations showing that either defendant acted with the requisite deliberate indifference for such a claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (*en banc*) (defendant's failure "to follow required procedures [for inmate appeals] isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner must prove both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk").

Plaintiff also alleges that defendants are liable under California Government Code § 845.6 for failure to summon immediate medical care. Those claims must be dismissed because plaintiff has not alleged compliance with the California Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

<u>Leave to Amend</u>

For these reasons, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claim of deliberate indifference to medical needs for failure to treat plaintiff's neuropathic pain needs against defendant Mohyuddia, or he may amend his complaint to attempt to cure the deficiencies identified herein. Plaintiff is not obligated to amend his complaint.

/////

4

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction requiring that defendants Mohyuddia, Malakkla, and Lewis reinstate his gabapentin prescription, or an alternative medication that effectively manages neuropathic pain and a seizure disorder. ECF No. 7. Plaintiff claims that if the neuropathy in his right foot continues to go untreated, he will not be able to walk normally. *Id.* at 2-3.[1] He also claims he will continue to endure pain and have seizures. *Id.* at 8.

/////
/////

---

[1] For ease of reference, all references to page numbers in plaintiff's motion for a preliminary injunction are to those assigned via the court's electronic filing system.

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Additionally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).

Plaintiff has not shown that he is likely to succeed on the merits. Rather, as discussed above, his claim is not cognizable to the extent it relates to his request for proper treatment of his seizure disorder. In this respect, he shown little or no chance of success on the merits. At an irreducible minimum plaintiff must establish "serious questions going to the merits" of his claims. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2010). He has not done so and his motions for injunctive relief must be denied.

As for his request for proper treatment of his neuropathic pain, he fails to produce any medical evidence showing that he will actually suffer irreparable harm if his motion is not granted. Even if he had, none of the defendants could provide plaintiff with the requested relief. As set forth above, the claims against defendants Malakkla and Lewis will be dismissed. Further, defendant Mohyuddia was apparently replaced as plaintiff's health care provider in June of 2017. ECF No. 6 at 4. As plaintiff's former health care provider, there is no indication that he has any current authority to prescribe medications to plaintiff or otherwise manage his care. For these reasons, injunctive relief is not appropriate.

## Order and Recommendation

Accordingly, the court ORDERS that:

1. The allegations in the pleading are sufficient to state a potentially cognizable Eighth Amendment claim of deliberate indifference to medical for failure to treat

plaintiff's neuropathic pain needs against defendant Mohyuddia. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the December 4, 2017 amended complaint, one form USM-285, and instructions for service of process on defendant Mohyuddia. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Mohyuddia will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3. Failure to comply with this order may result in the dismissal of this action.

Further, it is hereby RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON,<br><br>    Plaintiff,<br><br>v.<br><br>MOYHUDDIA,<br><br>    Defendant. | No. 2:17-cv-2405-MCE-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the potentially cognizable claim identified and submits the following documents:

        1        completed summons form

        1        completed forms USM-285

        2        copies of the endorsed December 4, 2017 amended complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

DATED:                                         _____

                                                                              Plaintiff